# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COSTANZO CERINO, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-812 |
| v. | |
| TOWAMENSING TOWNSHIP, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM

Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 7) for failure to state a claim under Rule 12(b)(6). Fed. R. Civ. Pro. 12(b)(6). Defendants' motion will be granted because of municipal immunity and the failure to state actionable claims. This Court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 (federal question), and has jurisdiction over the remaining state causes of action pursuant to 28 U.S.C. § 1367 (supplemental).

## BACKGROUND

The facts alleged in Plaintiff's Complaint are as follows:

Plaintiff Costanzo Cerino ("Cerino") is the owner and operator of a dog kennel business located in the Township of Towamensing, Carbon County, Pennsylvania. (Compl. ¶ 1.) Defendants Ricky Green, Gary Anthony, Rodney George, Wilbert Beers, Edward Reese, and Penny Kleintop are members of the Towamensing Township Board of Supervisors. (*Id.* ¶ 3.) The Towamensing defendants also include the Zoning Board and the Township as a whole (collectively all defendants as "Towamensing.") (*Id.*)

Cerino purchased the property at issue on or about January 24, 2002. (Compl. ¶ 4.) At the time, the property was zoned Agricultural ("AG"). (*Id.* ¶ 18.) On or about February 25, 2002, the Towamensing Zoning Officer issued a building permit to Cerino authorizing him to construct a dog kennel structure. (*Id.* ¶ 7.) In the spring of 2002 the building was erected, including thirty-six (36) dog runs, all in compliance with Towamensing's requirements. (*Id.* ¶ 12.) Cerino contacted the Towamensing Zoning Officer, at that time Wayne Knirnschild, and was informed that no additional permits were needed to build additional runs. (*Id.* ¶ 15.) By the end of 2002, Cerino had erected fifty-five (55) dog runs on the property. (Compl. ¶ 14.) Cerino again consulted Towamensing in 2003 before constructing an additional thirty (30) runs, brining the total up to eighty-five (85). (*Id.* ¶ 16.)

On June 3, 2004, the Towamensing Board re-designated all AG districts as rural conservation ("RC"). (Compl. ¶ 19.) On December 27, 2004, the Board made kennels a conditional use in the RC districts subject to the general conditions contained in Sections 1007 and 1008, while all other uses in other district were unaffected. (*Id.* ¶ 20.) Towamensing intentionally avoided informing Cerino of the meetings leading to the zoning change, because they knew Cerino would be interested in attending and would voice objections. (*Id.* ¶ 44.) The zoning amendments were aimed intentionally at Cerino's dog kennel enterprise. (*Id.* ¶ 45.) Up until that time, kennels were permitted in RC districts just as they had been under AG districts. (*Id.* ¶ 27.) The conditions imposed a three hundred foot set back from any property line, structures housing dogs, landscaping for visual screening and buffering, a solid barrier at least six (6) feet high around the perimeter of all building structures and enclosures housing dogs, a requirement that all dogs be brought into

2

an enclosure from 8:00 pm until 7:00 am, a requirement that all excrement be located not less than three hundred (300) feet from any property line and one hundred (100) feet from all water sources, and a requirement for a land development plan.. (*Id.* ¶ 21.)

On or about January 10, 2004 Cerino received an enforcement notice that he was in violation of the zoning requirements. (Compl. ¶ 23.) Cerino received a second notice on June 8, 2005. (*Id.* ¶ 30.) On or about July 7, 2005, Cerino appealed the second notice to the Towamensing Board. (*Id.* ¶ 31.) Cerino was only aware of the re-zoning after he received the second notice. (*Id.* ¶ 38.) On June 15, 2006, the Towamensing Board held a hearing and denied the appeal for both enforcement notices. (*Id.* ¶ 32.) The Board concluded that only twenty-nine (29) runs were in conformity with the zoning requirements. (*Id.*) Cerino filed a timely appeal to the Court of Common Pleas of Carbon County, arguing that the ordinance making kennels a conditional use constituted illegal spot zoning and was an ex post facto application of an ordinance against Cerino. (Compl. ¶ 33.) The Carbon County court affirmed the decision of the Towamensing Board. (*Id.* ¶ 35.) After a subsequent appeal, the Pennsylvania Commonwealth Court affirmed the decision of the Carbon County court on October 10, 2007. (*Id.* ¶ 37.) Towamensing instituted an enforcement action against Cerino in the Court of Common Pleas on February 26, 2009. (*Id.* ¶ 51.)

On April 30, 2009, Plaintiff filed this action in the District Court for the Middle District of Pennsylvania. (Doc. 1.) Towamensing filed a motion to dismiss on July 6, 2009. (Doc. 7.) Both parties have submitted briefs, and the motion is now ripe for disposition.

**LEGAL STANDARD**

3

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. PRO. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263

& n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Cerino's Complaint contains seven (7) counts. Count I alleges violations of the Fourteenth Amendment, including substantive due process, procedural due process, and equal protection violations. Count II alleges a conspiracy to deprive constitutional rights under § 1985. Count III alleges a conspiracy to deprive without due process of law under § 1983. Count IV alleges a failure to prevent constitutional harm under § 1986. Count V alleges declaratory judgment is appropriate. Count VI alleges tortious interference with prospective contractual relationships. Count VII alleges that estoppel is appropriate. Defendants raise numerous arguments, ultimately arguing each count should be dismissed.[1]

---

[1]In their reply brief, Defendants raise the issue of providing "full faith and credit" to the earlier decisions of Pennsylvania courts during this dispute. Because this issue was

For the reasons stated below, Defendants' Motion to Dismiss will be granted.

**I. Immunity Issues**

A. Absolute Legislative Immunity

Defendants' claim they are entitled to legislative immunity for their zoning decisions on behalf of Towamensing Township. "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). "Legislative immunity shields from suit not only legislators, but also public officials outside of the legislative branch when they perform legislative functions." *Baraka v. McGreevey*, 481 F.3d 187, 195-96 (3d Cir. 2007) (citing *id.*). There is a two-part test to determine whether actions are to be regarded as legislative for immunity purposes: (1) the action must be "substantively" legislative, which requires that it involve a policy-making or line-drawing decision; and (2) the action must be "procedurally" legislative, which requires that it be undertaken through established legislative procedures. *Acierno v. Cloutier*, 40 F.3d 597, 610 (3d Cir. 1994) (citing *Ryan v. Burlington County*, 889 F.2d 1286, 1290-91 (3d Cir. 1989)).

"Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan*, 523 U.S. at 54. Generally legislative acts are those which apply generally to the entire community, while acts specifically directed at one or a few individuals are administrative. *Acierno*, 40 F.3d at 611. As alleged, the actions of the Towamensing board might be legislative in nature, but because of the second prong I need not reach a conclusion on this issue at present.

---

not raised in their original motion or brief, the Plaintiff has had no opportunity to respond. I will therefore withhold any ruling on this issue.

6

For immunity to apply the challenged action must also have been completed through proper procedures. *Ryan*, 889 F.2d at 1290-91. The board is only entitled to absolute immunity for their acts if they followed "the statutory procedures specified for such action." *Acierno*, 40 F.3d at 613 (quoting *Abraham*, 728 F.2d at 174). In the present case, Cerino alleges that Towamensing did not comply with the proper procedures, namely by failing to provide notice to him and failing to provide the opportunity to comment on the proposed changes before they were adopted. At this stage, the allegation of a failure to comply with the statutory procedures is sufficient to defeat the claim of legislative immunity.

B. Pennsylvania Subdivision Tort Claims Act

Defendants also argue that they are immune from the Pennsylvania causes of action under the Pennsylvania Subdivision Tort Claims Act ("PSTCA"). 42 PA. CONS. STAT. § 8541, et seq. Section 8541 reads: "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." *Id.* While there are a number of exceptions listed under Section 8542 which do permit liability, none of these are applicable here. *Id.* § 8542(b). Furthermore, Cerino alleges that the Defendants acted intentionally, and the immunity for a governmental agency can only be vacated by negligent acts. *Wade v. Pittsburgh*, 765 F.2d 405, 412 (3d Cir. 1985) (Section 8542 exceptions apply only to claims against a municipality based upon "negligent acts" of employees). Cerino argues that Section 8550's exception for "willful misconduct" can nullify both agency or individual immunity under the PSTCA. 42 PA. CONS. STAT. § 8550. Section 8550, however, applies only to remove the immunity of *individuals*. *Id.* § 8550 ("willful misconduct" eliminates individual immunity at §§ 8545, 8546, 8548, and 8549, but *not* agency immunity at § 8541).

7

An organization qualifies as a local agency under § 8541 if: (1) it was created pursuant to relevant law; and (2) it is legally recognized as the official agency for a political subdivision. *See Guinn v. Alburtis Fire Co.,* 614 A.2d 218, 219 n.2 (Pa. 1992). There is no question that Towamensing Township and the Towamensing Zoning Board were at all times created pursuant to law and were recognized a political subdivisions. Therefore, they are entitled to immunity as to Counts VI (tortious interference) and VII (estoppel). The motion to dismiss these claims by the Towamensing organizational defendants will be granted.

As to the remaining officials, they could ultimately have immunity under the PSTCA. Pursuant to Section 8545, an employee of a local agency has immunity if: (1) the local agency has immunity under § 8541, and (2) the employee was acting within the scope of his office or duties when he engaged in the alleged conduct. 42 PA. CONS. STAT. § 8545. However, immunity for an official does not exist when the "act constituted a crime, actual fraud, actual malice or wilful misconduct." *Id*. § 8550. Proof of conduct which surpasses the immunity under the PTSCA requires a "demanding level of fault." *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006). Cerino alleges that the individual defendants acted intentionally to interfere with his kennel business. While avoiding this immunity requires a demanding level of proof, Cerino alleges sufficient facts at this stage of the proceedings to defeat PSTCA immunity for the individual defendants.

**II. Statute of Limitations**

Defendants next argue that Cerino's Complaint should be dismissed for failure to file within the relevant statute of limitations. An action under § 1983 should apply the statute of limitations applicable to state personal injury torts. *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. Pa. 1986) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In Pennsylvania, the

statute of limitations for a § 1983 claim is two years. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Therefore, the statute of limitations for the federal § 1983 claims, as well as the state tort claims, is a matching two (2) years.

The date on which Plaintiff's cause of action accrued was "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Where a zoning variance has been denied, the date which implicates the statute of limitations is the date upon which the zoning board denies the zoning application. *See Soppick v. Borough of West Conshohocken*, 118 Fed.Appx. 631, 634 (3d Cir. 2004) (holding that an injury stemming from the "stop work" order occurred on the date the "stop work" order was received); *Sameric Corp.*, 142 F.3d at 599-600 (stating that a cause of action based upon improper denial of a demolition permit accrued when the permit application was denied, despite the pendency of state court proceedings challenging the designation upon which the denial was premised). Therefore in the present case, the statute of limitations began to run on June 8, 2005, when Cerino became aware of the zoning ordinance at issue. (Compl. ¶ 30.) Without tolling, the two year statute of limitations on the § 1983 and state tort claims would then have run on June 9, 2007. The present action was filed on April 30, 2009. (Doc. 1.) Having determined the date upon which the statute of limitations began to run, the Court must then consider whether any action taken by the Plaintiff served to toll the running of the limitations period. *See De Botton v. Marple Twp.*, 689 F.Supp. 477 (E.D. Pa. 1988).

Cerino argues that the running of the statute of limitations should be tolled while the zoning ordinance was appealed through the Pennsylvania state courts. When a federal court is considering a state statute of limitations, it should also apply state tolling principles.

9

*Vernau v. Vic's Mkt., Inc.*, 896 F.2d 43, 45 (3d Cir. Pa. 1990) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-64 (1975)). In *De Botton v. Marple Township*, 689 F. Supp. 477 (E.D. Pa. 1988), the District Court for the Eastern District of Pennsylvania was asked to toll the running of the limitations period for the time that the zoning ordinance had been appealed through the Pennsylvania courts. *De Botton*, 689 F.Supp. at 480. The *De Botton* court held that tolling was appropriate because the constitutional "deprivation, if any, continued until his relief in state court was final. . ., that being January 27, 1987, the date the Pennsylvania Supreme Court denied the defendants' appeal." *Id*.

In *Stawiarski v. Summit Hill Borough*, No. 3:06-cv-0668, 2006 U.S. Dist. LEXIS 76553 (October 20, 2006), I considered the similar issue of whether the statute of limitations should be tolled until after appeals were concluded at the level of a local zoning board. *Id.* at *7. In deciding that tolling was appropriate I applied the decision in *De Botton v. Marple Township*. *Id*. I find *De Botton* equally persuasive in the present case, and hold that tolling is appropriate until the end of the direct appellate process, regardless of whether the last step is at the zoning board level or at the level of the Pennsylvania Supreme Court. Because Cerino availed himself of the Pennsylvania courts to directly appeal the zoning decisions in question, I find that the statute of limitations was tolled until October 10, 2007, the date the Commonwealth Court affirmed the Order of the Carbon County Court of Common Pleas. (Compl. ¶ 37.) Cerino's action was filed on April 30, 2009, within two years of the final Pennsylvania court order. I therefore find that Cerino's claims are not barred by the statute of limitations.

### III. Federal Causes of Action

A. Substantive Due Process (Count I)

The Fourteenth Amendment provides, in part, that "no State [shall] deprive any person of life, liberty, or property without the due process of law . . . ." To prevail on a claim that a municipality's land use ordinance violates substantive due process, a party must establish (1) a protected property interest, *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir.1993), and (2) government conduct that "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003). It is debatable whether Cerino had a protected property interest in the ability to use the property as a dog kennel business. However, the Court need not decide whether there was a protected property interest, because the conduct alleged cannot satisfy the second requirement that Defendants' actions "shock the conscience."

The Court of Appeals for the Third Circuit has held that a land use regulation violates substantive due process only if it "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 394 (3d Cir. 2003) (*citing County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). *United Artists* overruled *Bello v. Walker*, 840 F.2d 1124 (3d Cir.1988) and its progeny, which held that a land use regulation violated substantive due process if it was "arbitrary, irrational, or tainted by improper motive." *Id.* at 1129. The "shocks the conscience" standard, which encompasses "only the most egregious official conduct," is much more demanding than the former *Bello* standard. *United Artists*, 316 F.3d at 400.

In *Key Youth Services v. City of Olathe*, 38 F. Supp. 2d 914 (D. Kan. 1999), the "shocks the conscience" standard was applied to a claim that the city violated substantive

due process by denying a special use permit to a corporation that operates youth homes. In dismissing the due process claim, the court noted that "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Id.* at 926. Rather, the *Key Youth Services* court held, "a plaintiff 'must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Id.* (*quoting Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir.1995)). Here the alleged conduct, while possibly reaching the standard of intentionally or recklessly causing injury while abusing power, falls short of behavior which is shocking to the conscience. Because the alleged conduct does not "shock the conscience," the Defendants motion to dismiss will be granted.

      B.     Procedural Due Process (Count I)

To establish a cause of action for a procedural due process violation, a plaintiff must first prove that a person acting under color of state law deprived him of a protected property interest; and second, he must show that the procedures available to him failed to provide him with due process of law. *See, e.g., Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Thus, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, *unless* those processes are unavailable or patently inadequate." *Alvin*, 227 F.3d at 116 (emphasis added). I need not resolve the issue of whether Cerino was deprived of a protected property interest because there were clearly adequate procedures provided.

"[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body.." *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995), overruled on other grounds by

12

*United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003). In other words, when a state "affords a full judicial mechanism with which to challenge the administrative decision" in question, the state provides adequate procedural due process, whether or not the plaintiff avails him or herself of the provided appeal mechanism. *Id.* (quoting *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 682 (3d Cir. 1991)). Cerino alleges that Towamensing violated his right to procedural due process when it failed to provide notice and the opportunity to be heard before passing the zoning ordinances at issue. Even if true, the record clearly demonstrates that Cerino had adequate access to "a full judicial mechanism," the Pennsylvania courts, which allowed him to challenge any constitutional defects in the proceedings. Because Cerino fails to allege a claim under procedural due process, Defendants' motion to dismiss will be granted.

  C. Equal Protection (Count I)

Defendants argue that Cerino fails to establish a claim under the Equal Protection Clause because he alleges no class against which Towamensing is discriminating. "[T]he first inquiry a court must make in an equal protection challenge to a zoning ordinance is to examine whether the complaining party is similarly situated to other uses that are either permitted as of right, or by special permit, in a certain zone." *County Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 171 (3d Cir. 2006) (quoting *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 137 (3d Cir. 2002)). "If the entities are similarly situated, then the [Township] must justify its different treatment of the two, by demonstrating that the ordinance is rationally related to a legitimate government purpose." *County Concrete*, 442 F.3d at 171 (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 688 (3d Cir. 1980)) (other citations omitted).

Cerino alleges that he was singled out, or effectively being treated differently than

13

other property owners. Cerino, however, fails to allege any other similarly situated property owners in his complaint. A similar claim was addressed in *County Concrete*. *County Concrete*, 442 F.3d at 171. In that case, the complaint alleged that the township intended to deprive the plaintiffs the use of their property, while "other proximate and/or similarly situated properties were not rezoned. . . ." *Id.* The Court of Appeals for the Third Circuit stated that such conclusory allegations did not sufficiently allege other "similarly situated" uses. *Id.*; *see e.g. Venture Mobilehome Cmtys. Owners Ass'n v. City of SanBuenaventura*, 371 F.3d 1046, 1054-55 (9th Cir. 2004) (dismissing equal protection claim, in part, because allegations of being singled out from all other property owners did not identify others similarly situated). The Court continued that "[t]o state a claim, the complaint must allege *facts* supporting a finding of irrational or arbitrary legislative action by the Township." *County Concrete*, 442 F.3d at 171. Here Cerino's allegation fails to sufficiently identify a class of others similarly situated. The others similarly situated suggested by Cerino are other businesses in Towamensing, a class which is simply too broad. Because Cerino fails to allege at least one similarly situated property who was not discriminated against, he fails to allege an equal protection claim and Defendants' motion to dismiss will be granted.

  D.  Conspiracy under Section 1985(Count II)

  In Count II Cerino alleges a cause of action under Section 1985(c)(3) for a conspiracy by the Towamensing Board and its members to deprive him of his constitutional rights. Section 1985(3) provides, in part:

> If two or more persons in any State or Territory conspire . . ., for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . .; in any case of conspiracy set forth in this section, if one or more persons

14

> engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). The Third Circuit Court of Appeals has held that for a plaintiff to properly allege a violation of Section 1985(3), a plaintiff must plead the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). For the reasons stated previously, Cerino has failed to allege a constitutional harm, and therefore fails to allege the fourth requirement for a Section 1985 action. Defendants' motion to dismiss will be granted.

    E.    Conspiracy under Section 1983 (Count III)

To prevail on a Section 1983 conspiracy claim, Plaintiff must allege that Defendants, acting under color of state law, conspired to deprive him of a federally protected right. *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d. Cir. 1999). Plaintiff must set forth "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Financial Planning Org. Inc.*, 800 F.Supp. 1244, 1249 (E.D.Pa.1992). "[T]o sufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." *Panayotides v. Rabenold*, 35 F. Supp.2d 411, 419

15

(E.D.Pa.1999). To succeed on this claim, Plaintiff must allege both a civil rights violation and a conspiracy involving state action. *Holt Cargo Sys. Inc. v. Delaware River Port Auth.*, 20 F. Supp.2d 803, 843 (E.D. Pa. 1998). Because Cerino fails to allege an underlying constitutional harm, the claim for conspiracy under Section 1983 must also fail. Defendants' motion to dismiss will be granted.

F. Failure to prevent constitutional harm (Count IV)

42 U.S.C. §1986 prohibits neglecting or refusing to thwart a § 1985 conspiracy when it is within one's power to do so. If there is no violation of § 1985, there can be no violation of § 1986. *See, e.g., Carter v. Delaware State Univ.*, 65 Fed. Appx. 397, 400 (3d Cir. 2003). Plaintiff's failure to allege facts indicating that a § 1985 conspiracy existed requires that his § 1986 claim also be dismissed for failure to state a claim upon which relief can be granted. Defendants' motion will be granted.

G. Declaratory Judgment (Count V)

Cerino also seeks a declaration of his rights pursuant to 28 U.S.C. § 2201.[2] Under the Declaratory Judgment Act, a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration." *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995) (quoting 28 U.S.C. § 2201(a)) (emphasis added by Supreme Court). "'[T]here is . . . nothing automatic or obligatory about the assumption of "jurisdiction" by a federal court' to hear a declaratory judgment action." *Wilton,* 515 U.S. at 288 (quoting E. BURCHARD, DECLARATORY JUDGMENTS 313 (2d Ed. 1941)). In the present case, Cerino

---

[2]Cerino requests "compensatory monetary damages, punitive damages, attorney fees, costs and any other relief deemed appropriate." (Compl. ¶ 96.) An action for declaratory relief can only award a *declaration* of the relevant rights of the parties.

16

fails to allege any cause of action which would warrant relief. I decline to accept jurisdiction, and I will therefore grant the Defendants' motion to dismiss.

### IV.     Pennsylvania Causes of Action

As previously discussed the Pennsylvania Subdivision Tort Claims Act ("PSTCA") bars Cerino's state-law claims against Towamensing Township and the Towamensing Township Board. The remaining allegations will be examined as alleged against the individual defendants.

#### A.     Tortious Interference with Prospective Contractual Relationships (Count VI)

The Supreme Court of Pennsylvania recognizes two distinct torts with respect to tortious interference with contract, one for existing contractual rights and another for prospective contractual relations. *See U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 925 (3d Cir. 1990). Cerino alleges only interference with prospective contractual relationships. (Compl. ¶¶ 97-100, Count VI.)

To state a claim for interference with prospective contractual relations, the plaintiff must prove the following elements: "(1) a prospective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 471 (1979)). The plaintiff must prove the existence of a prospective contractual relationship. *Alvord-Polk, Inc. v. F. Schumacher & Co.,* 37 F.3d 996, 1014 (3d Cir. 1993), *cert. denied, Nt'l Decorating Prods. Ass'n v. Alvord-Polk, Inc.,* 514 U.S. 1063 (1991) (citing *Thompson Coal,* 412 A.2d at 471). A prospective contractual relation "is something less than a contractual right, something more than a mere hope." *Santana Prods. v. Bobrick*

*Washroom Equip., Inc.*, 401 F.3d 123, 140 (3d Cir. Pa. 2005) (quoting *Thompson Coal Co.*, 412 A.2d at 471). There must be an objectively reasonable probability that a contract will come into existence. *See Schulman v. J.P. Morgan Inv. Mgt., Inc.,* 35 F.3d 799, 808 (3d Cir. 1994).

In the present case, Cerino alleges that his prospective contractual relationships with his customers were disrupted, but he fails to allege further facts in support of this allegation. Notably, there are no allegations as to the types of contracts involved, the persons (or even types of persons) whom he would contract with, whether these are extensions of existing relationships or new relationships, or any other factual information. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Because Cerino's complaint alleges merely that there would be a disruption "between Cerino and his clients" without further factual allegations, Defendants' motion to dismiss will be granted.

B.     Estoppel (Count VII)

Cerino also alleges a cause of action for estoppel, namely that the Defendants should be prevented from arguing Cerino is in violation of the zoning regulations because of prior statements of the Towamensing Zoning Officer. Estoppel, however, does not create a cause of action at law; the plaintiff must first show a cause of action to which it may be applied. *Commonwealth Dep't of Public Welfare v. School District.*, 410 A.2d 1311, 1314 (Pa. Commw. Ct. 1980). Because Cerino alleges no other valid cause of action, I will grant Defendants' motion to dismiss.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss will be granted on grounds of PSTCA immunity and a failure to state a claim for which relief may be granted.

An appropriate Order follows.


 October 2, 2009                                     /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COSTANZO CERINO, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-812 |
| v. | (JUDGE CAPUTO) |
| TOWAMENSING TOWNSHIP, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 2nd day of October, 2009, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 7) Plaintiff's Complaint (Doc. 1) is **GRANTED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge