# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COSTANZO CERINO,

    Plaintiff,

    v.

TOWAMENSING TOWNSHIP, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-cv-812

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Costanzo Cerino's Motion for Leave to File an Amended Complaint. (Doc. 13). Plaintiff's motion will be granted except as to the claims for which amendment would be futile.

Plaintiff's original complaint alleges several constitutional violations and state tort law causes of action against Towamensing Township, the Towamensing Board of Supervisors, and its members with respect to several zoning ordinances effecting Plaintiff's property in Carbon County, Pennsylvania. (Compl. ¶ 1.)[1] This complaint was filed on April 30, 2009. (Doc. 1.) The Defendants filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim on July 6, 2009. (Doc. 7.) This Court granted the Defendants' motion on October 2, 2009. (Doc. 12.) Plaintiff now requests the ability to file an amended complaint. (Doc. 13.)

Plaintiff correctly articulates that it is appropriate to permit a first amendment unless such an amendment would be inequitable or futile. *Grayson v. Mayview State Hosptial*, 293

---

[1] For further description of the factual allegations, see this Court's Memorandum on the Defendant's Motion to Dismiss (Doc. 12.)

F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). In the present case, there would be no prejudice or inequity in allowing the Plaintiff to amend. Several of the claims, however, would be futile for the plaintiff to amend.[2] Therefore, Plaintiff will be permitted to file an amended complaint, except as to the following futile claims.

For Plaintiff's claims of substantive and procedural due process any amendment would be futile. Plaintiff's substantive due process claim, while sufficiently detailed factually, fails to allege as a matter of law conduct which "shocks the conscience." Even the type of intentional discrimination alleged by the plaintiff will fail to meet this high threshold, and so any amendment would be futile. Similarly, Plaintiff will not be able to state a claim under procedural due process. As stated in this Court's previous order, "a state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." *DeBlasio v. Zoning Bd. Of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995), overruled on other grounds by *United Artists Theatre Circuit, Inc. V. Twp. Of Warrington*, 316 F.3d 392 (3d Cir. 2003). Regardless of the alleged procedural violations by the Towamensing Board of Supervisors, the opportunity to appeal the decision to a Pennsylvania court provided sufficient procedural due process.

Amendment to several of Plaintiff's state tort law claims will also be futile. Plaintiff's claim of "estoppel" fails to allege a legal cause of action. *Commonwealth Dep't of Public Welfare v. School Dist.*, 410 A.2d 1311, 1314 (Pa. Commw. Ct. 1980). As to Plaintiff's other state-law claim, tortious interference with prospective contractual relationships, any amendment against Towamensing Township or the Towamensing Board of Supervisors

---

[2] *See* this Court's Memorandum and Order (Doc. 12) for further analysis as to Plaintiff's original claims.

would be futile as they are immune from Pennsylvania causes of action under the PSTCA. 42 PA. CONS. STAT. § 8541, et seq.  An amendment may not be futile against the remaining individual defendants, depending upon the proposed amendments.

Except as to those claims discussed above, the Plaintiff's request to file an Amendment Complaint is granted.

**NOW**, this _____ day of October, 2009, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Amend (Doc. 13) is **GRANTED**, except as to the following claims for which amendment would be futile:

    (a)    substantive due process (Compl. Count I)

    (b)    procedural due process (Compl. Count I)

    (c)    estoppel (Compl. Count VII)

    (d)    all state tort claims against Towamensing Township and the Towamensing Board of Supervisors (Counts VI and VII)

(2) Plaintiff has **twenty (20) days** from the date of this Order to file such an Amended Complaint.

                                  A. Richard Caputo
                                  United States District Judge