# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COSTANZO CERINO,

    Plaintiff,

v.

TOWAMENSING TOWNSHIP, et al.,

    Defendants.

CIVIL ACTION NO. 3:09-CV-812

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before this Court is Plaintiff's Motion to Amend his Complaint. (Doc. 18.) Plaintiff's motion will be denied because the amendments are futile. This Court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 (federal question), and may invoke jurisdiction over the remaining state causes of action pursuant to 28 U.S.C. § 1367 (supplemental).

## **BACKGROUND**

The facts alleged in Plaintiff's Amended Complaint are as follows:

Plaintiff Costanzo Cerino ("Cerino") is the owner and operator of a dog kennel business located in the Township of Towamensing, Carbon County, Pennsylvania. (Amend. Compl. ¶ 1.) Defendants Ricky Green, Gary Anthony, Rodney George, Wilbert Beers, Edward Reese, and Penny Kleintop are members of the Towamensing Township Board of Supervisors. (*Id.* ¶ 3.) The Towamensing defendants also include the Zoning Board and the Township as a whole (collectively all defendants as "Towamensing.") (*Id.*)

Cerino purchased the property at issue on or about January 24, 2002. (Amend.

Compl. ¶ 4.) At the time, the property was zoned Agricultural ("AG"). (*Id.* ¶ 18.) On or about February 25, 2002, the Towamensing Zoning Officer issued a building permit to Cerino authorizing him to construct a dog kennel structure. (*Id.* ¶ 7.) In the spring of 2002 the building was erected, including thirty-six (36) dog runs, all in compliance with Towamensing's requirements. (*Id.* ¶ 12.) Cerino contacted the Towamensing Zoning Officer, at that time Wayne Knirnschild, and was informed that no additional permits were needed to build additional runs. (*Id.* ¶ 15.) By the end of 2002, Cerino had erected fifty-five (55) dog runs on the property. (*Id.* ¶ 14.) Cerino again consulted Towamensing in 2003 before constructing an additional thirty (30) runs, bringing the total up to eighty-five (85). (*Id.* ¶ 16.)

On June 3, 2004, the Towamensing Board re-designated all AG districts as rural conservation ("RC"). (Amend. Compl. ¶ 19.) On December 27, 2004, the Board made kennels a conditional use in the RC districts subject to the general conditions contained in Sections 1007 and 1008, while all other uses in other district were unaffected. (*Id.* ¶ 20.) Towamensing intentionally avoided informing Cerino of the meetings leading to the zoning change, because they knew Cerino would be interested in attending and would voice objections. (*Id.* ¶ 44.) The zoning amendments were aimed intentionally at Cerino's dog kennel enterprise. (*Id.* ¶ 45.) Up until that time, kennels were permitted in RC districts just as they had been under AG districts. (*Id.* ¶ 27.) The conditions imposed a three hundred foot set back from any property line, structures housing dogs, landscaping for visual screening and buffering, a solid barrier at least six (6) feet high around the perimeter of all building structures and enclosures housing dogs, a requirement that all dogs be brought into an enclosure from 8:00 pm until 7:00 am, a requirement that all excrement be located not

2

less than three hundred (300) feet from any property line and one hundred (100) feet from all water sources, and a requirement for a land development plan.. (*Id.* ¶ 21.)

On or about January 10, 2004 Cerino received an enforcement notice that he was in violation of the zoning requirements. (Amend. Compl. ¶ 23.) Cerino received a second notice on June 8, 2005. (*Id.* ¶ 30.) On or about July 7, 2005, Cerino appealed the second notice to the Towamensing Board. (*Id.* ¶ 31.) Cerino was only aware of the re-zoning after he received the second notice. (*Id.* ¶ 38.) On June 15, 2006, the Towamensing Board held a hearing and denied the appeal for both enforcement notices. (*Id.* ¶ 32.) The Board concluded that only twenty-nine (29) runs were in conformity with the zoning requirements. (*Id.*) Cerino filed a timely appeal to the Court of Common Pleas of Carbon County, arguing that the ordinance making kennels a conditional use constituted illegal spot zoning and was an ex post facto application of an ordinance against Cerino. (*Id.* ¶ 33.) The Carbon County court affirmed the decision of the Towamensing Board. (*Id.* ¶ 35.) After a subsequent appeal, the Pennsylvania Commonwealth Court affirmed the decision of the Carbon County court on October 10, 2007. (*Id.* ¶ 37.) Towamensing instituted an enforcement action against Cerino in the Court of Common Pleas on February 26, 2009. (*Id.* ¶ 51.)

On April 30, 2009, Plaintiff filed this action in the District Court for the Middle District of Pennsylvania. (Doc. 1.) On October 2, 2009, this Court granted the Defendants' Motion to Dismiss Cerino's Complaint. (Doc. 12.) On December 3, 2009, Cerino filed a Motion to File Amended Complaint. (Doc. 18.) Both parties have briefed this motion, and it is now ripe for disposition.

**LEGAL STANDARD**

I.  **Motion to Amend Pleadings**

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981).  However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978).  "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The only pertinent issue here is whether Plaintiffs' proposed amendments to their Complaint are "futile."  An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).  In making this assessment, the Court must use the same standard of

4

legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

## II.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. PRO. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension*

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

**DISCUSSION**

Cerino's Amended Complaint contains five (5) counts. Count I alleges violations of the Fourteenth Amendment, including substantive due process, procedural due process, and equal protection violations. Count II alleges a conspiracy to deprive constitutional rights under § 1985. Count III alleges a conspiracy to deprive without due process of law under § 1983. Count IV alleges a failure to prevent constitutional harm under § 1986. Count V alleges tortious interference with existing and prospective contractual relationships under Pennsylvania law.

**I. Federal Causes of Action**

    A. Substantive Due Process (Count I)

The Fourteenth Amendment provides, in part, that "no State [shall] deprive any person of life, liberty, or property without the due process of law . . . ." To prevail on a claim

that a municipality's land use ordinance violates substantive due process, a party must establish (1) a protected property interest, *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir.1993), and (2) government conduct that "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003). It is debatable whether Cerino had a protected property interest in the ability to use the property as a dog kennel business. However, the Court need not decide whether there was a protected property interest, because the conduct alleged cannot satisfy the second requirement that Defendants' actions "shock the conscience."

The Court of Appeals for the Third Circuit has held that a land use regulation violates substantive due process only if it "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 394 (3d Cir. 2003) (*citing County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). *United Artists* overruled *Bello v. Walker*, 840 F.2d 1124 (3d Cir.1988) and its progeny, which held that a land use regulation violated substantive due process if it was "arbitrary, irrational, or tainted by improper motive." *Id.* at 1129. The "shocks the conscience" standard, which encompasses "only the most egregious official conduct," is much more demanding than the former *Bello* standard. *United Artists*, 316 F.3d at 400.

In *Key Youth Services v. City of Olathe*, 38 F. Supp. 2d 914 (D. Kan. 1999), the "shocks the conscience" standard was applied to a claim that the city violated substantive due process by denying a special use permit to a corporation that operates youth homes. In dismissing the due process claim, the court noted that "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Id.* at 926. Rather, the *Key Youth Services* court held, "a

7

plaintiff 'must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Id.* (*quoting Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir.1995)).

Plaintiff's amended complaint adds no new factual allegations, but instead makes three new assertions. First, that the Defendants' "specifically identified Cerino and his dog kennel enterprise as an enterprise which it considered undesirable and sought to take measures aimed at eradicating Cerino's business from existences [sic]." (Amend. Compl. ¶ 74.) As stated above and in this Court's prior opinion, however, the fact that the Defendants intentionally caused injury by abusing government power is not sufficient to "shock the conscience." *Key Youth Services*, 38 F. Supp.2d at 926. Second, Cerino alleges that the Defendants' conduct was "arbitrary, irrational and tainted by improper motive." (Amend. Compl. ¶ 81.) This allegation uses the former *Bello* standard that was specifically overruled in *United Artists*. *United Artists*, 316 F.3d at 1129. Third, Cerino's amended complaint alleges that "Defendants' conduct shocks the conscience due to its extreme nature and resulting effect on Cerino's livelihood and sole means of support." (Amend. Compl. ¶ 82.) The Court need not assume Cerino's legal conclusion that his allegations establish conduct which "shocks the conscience" is correct. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d at 906. Furthermore, the Court does not find that the conduct alleged, the intentional prohibition of Cerino from operating his kennel business, "shocks the conscience." Because Cerino's proposed amendments still fail to state a claim for which relief may be granted, his motion to amend will be denied as to substantive due process.

  B.  Procedural Due Process (Count I)

To establish a cause of action for a procedural due process violation, a plaintiff must

8

first prove that a person acting under color of state law deprived him of a protected property interest; and second, he must show that the procedures available to him failed to provide him with due process of law. *See, e.g., Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Thus, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, *unless* those processes are unavailable or patently inadequate." *Alvin*, 227 F.3d at 116 (emphasis added). As stated in this Court's prior opinion, I need not resolve the issue of whether Cerino was deprived of a protected property interest because there were clearly adequate procedures provided.

"[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body.." *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995), overruled on other grounds by *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003). In other words, when a state "affords a full judicial mechanism with which to challenge the administrative decision" in question, the state provides adequate procedural due process, whether or not the plaintiff avails him or herself of the provided appeal mechanism. *Id.* (quoting *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 682 (3d Cir. 1991)). Cerino alleges that Towamensing violated his right to procedural due process when it failed to provide notice and the opportunity to be heard before passing the zoning ordinances at issue. Even if true, the record clearly demonstrates that Cerino had adequate access to "a full judicial mechanism," the Pennsylvania courts, which allowed him to challenge any constitutional defects in the proceedings.

Cerino's amended complaint adds the allegation that "[t]he tribunals before which Cerino appeared were composed of individuals who were hostile, biased and opposed to

9

Cerino's position" which "rendered meaningless and ineffectual" his opportunity for judicial review. (Amend. Compl. ¶¶ 84-85.) As stated above, however, the Court need not credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d at 906. Furthermore, these allegations are not supported by factual allegations. *Ashcroft v. Iqbal,* 129 S. Ct. at 1950. Because Cerino has not properly alleged that the judicial mechanism available to him was inadequate, I find that Cerino has not alleged a procedural due process violation. Cerino's proposed amendments still fail to state a claim for which relief may be granted, and therefore his motion to amend will be denied on futility grounds as to procedural due process.

  C. Equal Protection (Count I)

"[T]he first inquiry a court must make in an equal protection challenge to a zoning ordinance is to examine whether the complaining party is similarly situated to other uses that are either permitted as of right, or by special permit, in a certain zone." *County Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 171 (3d Cir. 2006) (quoting *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 137 (3d Cir. 2002)). "If the entities are similarly situated, then the [Township] must justify its different treatment of the two, by demonstrating that the ordinance is rationally related to a legitimate government purpose." *County Concrete*, 442 F.3d at 171 (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 688 (3d Cir. 1980)) (other citations omitted).

Cerino alleges that he was singled out, or effectively being treated differently than other property owners. This claim was dismissed from Cerino's original complaint because he failed to allege a similarly situated property who was not discriminated against. (Doc. 12 at 14.) In his amended complaint, Cerino clarifies that he was the "sole kennel operation

10

existing in the Township although numerous other business enterprises existed." (Amend. Compl. ¶ 89.) He also alleges that "[o]ther existing and similarly situated business owners" were not targeted by the Defendants. As was the case in the original complaint, the category of "other similarly situated businesses" is simply too broad without any further factual allegations. Cerino's amended complaint still fails to specifically identify other property owners who were similarly situated and not treated in the same manner. Because Cerino's proposed amendments still fails to allege others who are similarly situated, his motion to amend will be denied on futility grounds as to equal protection.

        D.      Conspiracy under Section 1985 (Count II)

In Count II Cerino alleges a cause of action under Section 1985(c)(3) for a conspiracy by the Towamensing Board and its members to deprive him of his constitutional rights. The Third Circuit Court of Appeals has held that for a plaintiff to properly allege a violation of Section 1985(3), a plaintiff must plead the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). As in the original complaint, Cerino has failed to allege a constitutional harm, and therefore, fails to allege the fourth requirement for a Section 1985 action. Cerino's motion to amend will be denied as to Count II.

        E.      Conspiracy under Section 1983 (Count III)

To prevail on a Section 1983 conspiracy claim, Plaintiff must allege that Defendants, acting under color of state law, conspired to deprive him of a federally protected right.

11

*Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d. Cir. 1999). Plaintiff must set forth "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Financial Planning Org. Inc.*, 800 F.Supp. 1244, 1249 (E.D.Pa.1992). "[T]o sufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." *Panayotides v. Rabenold*, 35 F. Supp.2d 411, 419 (E.D.Pa.1999). To succeed on this claim, Plaintiff must allege both a civil rights violation and a conspiracy involving state action. *Holt Cargo Sys. Inc. v. Delaware River Port Auth.*, 20 F. Supp.2d 803, 843 (E.D. Pa. 1998). Because Cerino fails to allege an underlying constitutional harm, the claim for conspiracy under Section 1983 must also fail. Cerino's motion to amend will be denied as to Count III.

      F.     Failure to prevent constitutional harm (Count IV)

42 U.S.C. §1986 prohibits neglecting or refusing to thwart a § 1985 conspiracy when it is within one's power to do so. If there is no violation of § 1985, there can be no violation of § 1986. *See, e.g., Carter v. Delaware State Univ.*, 65 Fed. Appx. 397, 400 (3d Cir. 2003). Cerino's failure to allege facts indicating that a § 1985 conspiracy existed requires that his § 1986 claim also be dismissed for failure to state a claim upon which relief can be granted. Cerino's motion to amend will be denied as to Count IV.

## II. State-Law Causes of Action

In Count V of the Complaint, Cerino raises a state law claims of tortious interference with existing and prospective contractual relationships. Because I will dismiss all of Cerino's federal law claims, I decline to exercise supplemental jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction"). I will dismiss these claims without prejudice to their being filed in state court.

## III. Leave to Amend

Current's current attempt, as well as any future attempts, to allege due process violations based upon these facts will likely be futile. Plaintiff's claim at Count I, however, might state a claim for which relief may be granted under equal protection, but only if Plaintiff *specifically identifies* at least one similarly situated individual or business who was treated differently by the Defendants. Cerino will be given twenty-one (21) days to amend his complaint before this case will be closed. Because Cerino's other federal causes of action hinge on an underlying constitutional violation, they will only be possible if an underlying constitutional violation is properly alleged. If one or more of Cerino's federal causes of action are properly alleged, then the Court will consider exercising its supplemental jurisdiction over Cerino's state-law claims.

**CONCLUSION**

Cerino's motion to amend his complaint will be denied because the proposed amendments are futile. At Count I, the alleged conduct does not state a claim under substantive due process because it does not "shock the conscience." It also fails to state a claim under procedural due process because of the judicial oversight available. The amended complaint also fails to state a claim under equal protection because it fails to specifically identify a similarly situated person or entity who was treated differently by the Defendants. Cerino will be given an opportunity to amend this claim before this case is closed. Cerino's remaining federal claims at Counts II - IV fail because the underlying claims at Count I fail. Cerino's claims at Count V will be dismissed because this Court will not exercise its supplemental jurisdiction over these state law claims.

An appropriate Order follows.

| | |
|---|---|
| January 26, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COSTANZO CERINO, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-812 |
| v. | |
| TOWAMENSING TOWNSHIP, et al., | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this __26th__ day of January, 2010, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Amend (Doc. 18) is **DENIED**.

(2) Plaintiff will be given **twenty-one (21) days** from the date of this order to file a motion to amend before this Court will close this case.

                                         /s/ A. Richard Caputo
                                         A. Richard Caputo
                                         United States District Judge